vania under his appointment there under the laws of Pennsylvania, and which he there bound himself to account for in the courts of Pennsylvania. We think he is not bound to account to the orphans' court here for that fund, although, under a mistake of his obligation, he may have given credit for it in his first account with that court. In his second account he is credited with that fund, as having been improperly charged with it in his former account. In his third account he is again charged with it by the orphans' court, and is required to pay over the balance to Mr. Bell; from which order he, Mr. Smoot, has appealed to this court.

We therefore think that the sentence of the orphans' court ought to be reversed, with costs.

---

SMOOT (HOUGH v.). See Case No. 6,723.
SMOOT (JONES v.). See Case No. 7,498.

---

## Case No. 13,133.

### SMOOT v. LEE.

[2 Cranch, C. C. 459.] [1]

Circuit Court, District of Columbia. April Term, 1824.

PRINCIPAL AND SURETY—ACTION OF PRISON-BOUNDS BOND.

In an action against the surety in a prison-bounds bond the defendant will not be permitted to adduce evidence that the principal (the debtor) was insolvent, and therefore the plaintiff sustained no damage.

Debt on a prison-bounds bond given by W. Wise, who broke the bounds.

Mr. Wallach, for defendant (the surety), offered evidence to prove that Wise was insolvent when the bond was given, and therefore the plaintiff had suffered no damage by the breach of the condition of the bond.

But THE COURT (nem. con.) rejected the evidence.

---

## Case No. 13,133a.

### SMOOT v. WASHINGTON.

[2 Hayw. & H. 122.] [2]

Circuit Court, District of Columbia. Sept. 19, 1853.

MUNICIPAL CORPORATIONS—GRADING STREETS.

The power of grading and regrading the public streets of Washington must be considered as a continuing power in the corporation, to be exercised whenever and as often as the health, improvement and prosperity of the city makes it necessary.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

[This was an action at law by Joseph Smoot against the corporation of Washington.]

Jos. H. Bradley and W. D. Davidge, for plaintiff.
James M. Carlisle, for the corporation.

BY THE COURT. The whole subject of the power and responsibility of the corporation, touching the grading and regrading of the streets in Washington, was involved in this case. There were cited a great many authorities on both sides from the reports of the highest courts in the several states, and of the supreme court of the United States, as well as English authorities. The court pronounced an oral opinion. The following conclusions were reduced to writing by the presiding judge: "The doctrine laid down by this court in the case of Devaughn v. Patterson (not reported) is affirmed and reasserted. The power of grading and regrading the public streets of Washington must be considered as a continuing power in the corporation, to be exercised whenever and as often as the health, improvement and prosperity of the city makes it necessary." That the graduation and regraduation by said corporation cannot be considered in the nature of a compact with the proprietor of the property fronting thereon, that it shall always so continue unchanged; and any such agreement to fetter or clog the exercise of legislative power would be void. That by the conveyance of the streets and squares, &c., from the commissioners in 1796, to the United States possessed an unqualified fee-simple in the streets and public squares exclusively, to which the corporation succeeded, so far as the power to grade and regrade is concerned. That though the right of ingress and egress in the proprietor of property fronting on a street is impaired by such regrading, it must be considered a loss in the nature of consequential damages, and not within the principle of the provision contained in the constitution, forbidding the taking private property for public use without just compensation. It is damnum absque injuria, for which no action lies. That there can be no breach of faith ascribed to the corporation in changing the graduation, because they had no power to make any pledge that it should always so continue. The foregoing propositions must however be considered as made with the qualification that the jury shall find from the evidence that such claim became necessary for the health, improvement and prosperity of the city, and was not capriciously or unskillfully made; also that the same was made in a proper manner, and within the line of said street so graduated.

---

SMULL, The ANNIE M. See Case No. 423.